

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-1-2006

# Gwan v. Atty

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4538

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Gwan v. Atty" (2006). *2006 Decisions.* Paper 1651.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1651

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 04-4538
_____

DJOEN L. GWAN and SRI INDARTI,

Petitioners

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent
_____

On Petition for Review of an Order
of the Board of Immigration Appeals
(BIA Nos. A78-498-656 and A78-498-656)
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
January 17, 2006

Before: ROTH, FUENTES, and BECKER Circuit Judges.

(Opinion Filed: February 1, 2006)

_____

OPINION
_____

FUENTES, Circuit Judge:

Petitioners Djoen L. Gwan ("Gawn") and Sri Indarti ("Indarti"), husband and wife,

seek review of the Board of Immigration Appeals' ("BIA") decision affirming the Immigration Judge's ("IJ") denial of their applications for asylum, withholding of removal, and protection under the Convention Against Torture.[1]  In so ruling, the BIA affirmed without opinion the findings of the IJ that Gwan and Indarti, although credible, did not have a well-founded fear of future persecution.  For the reasons that follow, we deny the petition for review.[2]

## I. Facts

Because we write only for the parties, we recite only the essential facts.[3]  Gwan and Indarti are an ethnically Chinese married couple who are natives and citizens of Indonesia.  They are both practicing Buddhists and allege that they were active in their temple in Indonesia.  They allege that, while in Indonesia, they suffered persecution by nationalist Indonesians.  Specifically, Gwan alleges that their home and businesses were

---

[1]"A grant of asylum allows an otherwise-removable alien to stay in the United States." Abdulai v. Ashcroft, 239 F.3d 542, 545 (3d Cir. 2001).  On the other hand, withholding of removal merely confers the right not to be deported to a particular country, as opposed to the right to stay in this country. Id.

[2]Where, as here, the final order of the BIA summarily affirms or defers to the decision of the IJ, this Court "must review the IJ's decision." Abdulai v. Ashcroft, 239 F.3d 542, 549 n. 2 (3d Cir. 2001).

[3] At their immigration hearing, Gwan was the only witness.  However, the parties have agreed that if Indarti were to testify, she would have testified consistent with her affidavit, which is consistent with that of her husband.

largely destroyed by robberies in April 2000. At the time of the robberies, neither Gwan not Indarti were in the home. Gwan testified that he thought the burglary targeted him because he is a Buddhist. However, he also testified that he did not know who committed the burglary. Gwan alleges that he reported the robbery to the police, and that the police arrived at the scene with dogs to track the scent of the perpetrators. However, Gwan is not aware of whether the police ever found or arrested the perpetrators.

Gwan also alleges that in, June 2000, he was attacked by a group of men while walking to temple. He testified that he believes the beating was spurred by religious bias because of a certain flag on the vehicle the men were driving, and because the men insulted his religious beliefs. He also testified that he believes one of the men who beat him was the son of an "official." He alleges that, although the police took him to a hospital, he refused treatment out of fear that the perpetrators would find him there. He did not identify the perpetrators to the police. As a result of the attacks, he sustained injuries resulting in scars on his forehead and forearm and the loss of some of his teeth. He alleges that he fled town the next day, traveling to numerous cities within Indonesia before returning home.

Gwan also alleges that his children, who remain in Indonesia, face persecution because of their religion and ethnicity. Gwan has children from both his current marriage to Indarti and from a previous marriage. Gwan claims that at least some of his children are being harassed in Indonesia by the individuals that he claims perpetrated his June

3

2000 assault. He also alleges that many of his children are Christians and therefore face harassment due to their religion. He claims that, as a result of this harassment, many of his children have had to leave their homes and relocate within Indonesia.

After the alleged June 2000 assault, Gwan and Indarti remained in Indonesia to sell their property and settle their debts. Indarti entered the United States on a nonimmigrant visa on July 29, 2000. After selling his business on September 23, 2000, Gwan entered the United States on a nonimmigrant visa on November 28, 2000. Through service of separate Notices to Appear on March 3, 2001, Gwan was charged with removeability under 8 U.S.C. § 1227(a)(1)(C)(i), and Indarti was charged with removeability under 8 U.S.C. § 1277(a)(1)(B). At a December 5, 2001 hearing, Gwan and Indarti admitted the allegations in their Notices to Appear and conceded removeability. Indarti filed a request for asylum, withholding of removal, and protection under the Convention Against Torture, and Gwan sought derivative status though her application pursuant to 8 U.S.C. § 1158(b)(3)(A). At the conclusion of a hearing held on October 14, 2003, the IJ denied their requests for relief and ordered voluntary departure. On November 9, 2004, the BIA summarily affirmed the IJ's decision.

## II. Discussion

We review the IJ's decision under the substantial evidence standard. See Gao v. Ashcroft, 299 F.3d 266, 272 (3d Cir. 2002). We conclude that the IJ's decision and the

4

BIA's affirmance of it are supported by the record.

Substantial evidence supports the IJ's conclusion that the incidents of harassment and robbery that Gwan describes do not amount to persecution under the controlling law. These isolated incidents do not rise to the level of persecution within the meaning of the Immigration and Nationality Act. See Fatin v. INS, 12 F.3d 1233, 1240 & n.10 (3d Cir. 1993) (explaining that persecution denotes "extreme conduct" that "does not encompass all treatment that our society regards as unfair, unjust, or even unlawful or unconstitutional"); cf. Lie v. Ashcroft, 396 F.3d 530, 536 (3d Cir. 2005) (holding that ethnic Chinese Indonesian's "account of two isolated criminal acts, perpetrated by unknown assailants, which resulted only in the theft of some personal property and a minor injury, is not sufficiently severe to be considered persecution"). Furthermore, there is no evidence that compels a finding that the burglary was motivated by religious or ethnic animus. There is also no evidence of government involvement or endorsement of any of the incidents; indeed, the police responded to both incidents and there is no evidence that they were unwilling or unable to protect the petitioners. Regarding the petitioners' claims that their children are potential victims of persecution by the same perpetrators that targeted the petitioners, Gwan's testimony alone is insufficient to present a nexus to a statutorily protected ground. Moreover, the petitioners have submitted no affidavits from any family members or any evidence that would support their claims that their children face persecution.

5

The petitioners' claims for asylum based on past persecution and a well-founded fear of future persecution were therefore properly denied. The petitioners' withholding of removal and Convention Against Torture claims fail for reasons similar to those discussed above.

## III. Conclusion

For all of the foregoing reasons, the IJ's decision was based upon substantial evidence. Therefore, we will deny the petition for review.